MR. CHIEF JUSTICE HASWELL,
dissenting:
I respectfully dissent.
Here the orders of the Board of Personnel Appeals provided in substance (1) that the Forsyth School District committed an unfair labor practice when it declined to pay an increased wage scale under an expired collective bargaining agreement and (2) to “cease and desist” from denying automatic step wage increments under an expired collective bargaining agreement. The majority have denied judicial review of the order on the basis of mootness because a new collective bargaining agreement has been negotiated.
Mootness is a matter of judicial policy, not constitutional law. See RLR v. State (Alaska 1971), 487 P.2d 27, 45. This case falls squarely within those cases in which the United States Supreme Court has granted review under the principle that they tend to be “capable of repetition, yet evading review.” Roe v. Wade (1973), 410 U.S. 113, 125, 93 S.Ct. 705, 713, 35 L.Ed.2d 147, 161, and its progeny. The ques *366 tion of whether a Montana school district must pay increased wage increments under an expired wage contract pending negotiation and settlement of a new contract will recur time and again in school districts throughout Montana until it is authoritatively and finally answered by this Court. The majority have denied this Court review of this question on the merits.
Two cases have particular application to the case at bar. In City of Albuquerque v. Campos (N.M. 1974), 86 N.M. 488, 525 P.2d 848, 851, the New Mexico Supreme Court held that settlement of a city labor dispute did not render questions moot that were of great public importance and likely to recur. Another analogous case is Bd. of Ed. of Danville Etc. v. Danville Ed. Ass’n (Ill.App. 1978), 59 Ill.App.3d 726, 17 Ill.Dec. 431, 376 N.E.2d 430. There the Illinois appellate court found an education association’s appeal from a judgment granting a school board’s request to enjoin association members from striking and picketing would not be dismissed as moot on the ground that parties had executed a new contract and settled their differences, since the question involved overriding public importance.
I would review this question on the merits and provide a final and authoritative answer.